IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EMELITO ALBERTO,

    Plaintiff,

  vs.                          No. 12-cv-2583 LKK CKD PS

BANK OF AMERICA, NATIONAL
ASSOC. et al.,

    Defendant.          ORDER

_____/

        Plaintiff, proceeding pro se in this action, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dkt. 2. This matter was referred to the undersigned by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        That determination, however, does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A claim is frivolous if it has no arguable basis in law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325

1  (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson v. Arizona, 885
2  F.2d 639, 640 (9th Cir. 1989).  A complaint, or any portion thereof, lacks such a basis if it
3  appears beyond doubt there is no set of supporting facts entitling plaintiff to relief.  Hishon v.
4  King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957));
5  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
6  a complaint under this standard, the court must accept as true its allegations, Hospital Bldg. Co.
7  v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to
8  plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421
9  (1969).

10       Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
11  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
12  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se
13  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
14  dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

15       On the face of this complaint, the undersigned is unable to determine a
16  jurisdictional basis for this action.  A federal court is a court of limited jurisdiction, and may
17  adjudicate only those cases authorized by the Constitution and by Congress.  See Kokkonen v.
18  Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  As such, a federal court
19  is presumed to be without jurisdiction unless it is affirmatively stated otherwise.  See Fifty
20  Associates v. Prudential Ins. Co. Of America, 446 F.2d 1187, 1190 (9th Cir. 1970) citing Grace v.
21  American Central Ins. Co., 109 U.S. 278, 284 (1883).  Lack of subject matter jurisdiction may be
22  raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer
23  Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

24       The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal
25  question" and "diversity" jurisdiction, respectively.  Plaintiff here has alleged that jurisdiction is
26  predicated upon diversity of citizenship pursuant to 28 U.S.C. § 1332.  This statue requires that

1  each plaintiff be diverse from each defendant,[1] and the amount in controversy must exceed
2  $75,000.  For diversity purposes, a corporation is deemed to be a citizen of every state by which
3  it has been incorporated and of the state where it has its principal place of business.  28 U.S.C. §
4  1332(c).  Plaintiff must allege, in the pleadings, the facts essential to show proper and complete
5  diversity jurisdiction in order to maintain standing in federal district court.  See Fifty Associates,
6  446 F.2d at 1190 citing McNutt v. General Motors Acceptance Corp. Of Indiana, 298 U.S. 178,
7  189 (1935).

8        Measured against these requirements, plaintiff's complaint is insufficient to confer
9  jurisdiction on this court, in this action.  Plaintiff, a citizen of the state of California, names three
10 defendants  — Bank of America ("BOA"), JP Morgan Chase Bank ("JP Morgan") and Title
11 Trust Deed Service Co. ("TTDS") — in this lawsuit.  Dkt. 1 at 1-2.  As to BOA and JP Morgan,
12 plaintiff states only that they are  "organized and existing under the laws of [the] United
13 States....its members and owners are citizens of another state."  Id.  This is insufficient to
14 properly allege diversity jurisdiction with respect to these two defendants.  First, plaintiff fails to
15 allege a specific state of which defendants are a citizen.  Without this information, the
16 undersigned cannot determine whether defendants are, in fact, diverse to plaintiff.

17       Moreover, given that all three defendants are corporations, plaintiff must allege
18 both the state(s) of each defendant's incorporation *and* where it has its principal place of
19 business.  See Harris v. Rand, 682 F.3d 846, 850 (9th Cir. 2012) (emphasis added), 28 U.S.C. §
20 1332 (c)(1) (a corporation shall be deemed to be a citizen of every state by which it has been

---

[1] A federal court's authority to hear cases in diversity is established by 28 U.S.C. § 1332. "The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant.  That compliance with the diversity statute, including its complete diversity requirement, is the *sine qua non* of diversity jurisdiction which was made clear in Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826 (1989). In a case involving claims against multiple defendants, "the plaintiff must meet the requirements of the diversity statute for each defendant. Id. at 829." Lee v. American National Insurance Company, 260 F.3d 997, 1004-1005 (9th Cir. 2001) (fn. and citations omitted).

1  incorporated and of the state where it has its principal place of business), Fifty Associates, 446

2  F.2d at 1190 (facts must be alleged from which it may be determined of which state, or states, the

3  corporation is deemed to be a citizen).  As to defendant TTDS, plaintiff alleges it is organized

4  and exists under the laws of New York  (Dkt. 1 at 2), but has failed to allege where it has its

5  principal place of business.  There are no allegations concerning BOA's or JP Morgan's principal

6  place of business and, as noted above, no specific state is alleged as a state of incorporation.  Id.

7  at 1-2.  Because plaintiff has failed to allege facts showing the citizenship of each defendant, the

8  undersigned cannot determine of which state or states defendants are citizens.

9       Plaintiff has therefore failed to show the presence of complete diversity between

10  plaintiff and defendants and has thus failed to allege the jurisdictional basis for bringing this case

11  in federal court.  Accordingly, plaintiff will be permitted the opportunity to amend his complaint

12  to show why jurisdiction is proper in this court, if he can do so in good faith.

13       Plaintiff is informed that the court cannot refer to a prior pleading in order to

14  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

15  complaint be complete in itself without reference to any prior pleading.  This is because, as a

16  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

17  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

18  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

19  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

20       In accordance with the above, IT IS HEREBY ORDERED that:

21       1. Plaintiff's request for leave to proceed in forma pauperis (Dkt. 2) is

22  GRANTED;

23       2. Plaintiff's complaint (Dkt. 1) is DISMISSED; and

24       3. Plaintiff is granted twenty-eight days from the date of service of this order to

25  file an  amended complaint that complies with the requirements of Federal law, the Federal Rules

26  \\\\\

of Civil Procedure, and the Local Rules of Practice.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: October 29, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD9
alberto2583.ifp.diversity