IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EMELITO ALBERTO,

    Plaintiff,	NO. 2:12-cv-2583-LKK-CKD PS

    v.

BANK OF AMERICA, et al.,	ORDER &

    Defendants.	FINDINGS AND RECOMMENDATIONS

/

    Plaintiff proceeds pro se and in forma pauperis in this matter, referred to the undersigned by Local Rule 302(c), pursuant to 28 U.S.C. § 636(b)(1). Defendants Bank of America, N.A. and JP Morgan Chase Bank, N.A.'s ("Defendants") motion to dismiss is currently set for hearing on January 9, 2013. No opposition to the motion has been filed.

    Through this order and these findings and recommendations, the hearing will be vacated with the motion submitted on the record and the undersigned will recommend dismissal of this action pursuant to Fed. R. Civ. Pro. 41(b).

BACKGROUND

    Plaintiff initiated this action to quiet title, seeking declaratory and injunctive relief from foreclosure proceedings against his property, on October 16, 2012. Dkt. 1. The complaint names three defendants — Bank of America, N.A., JP Morgan Chase Bank, N.A., and

1

Title Trust Deed Service Company — and alleges diversity pursuant to 28 U.S.C. § 1332(c)(1) as the basis for this court's jurisdiction. Id. Because plaintiff proceeds in forma pauperis, the court is required to dismiss the complaint at any time upon a determination that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2). On October 29, 2012, the undersigned determined that the complaint failed to allege a proper basis for jurisdiction and issued an order dismissing the complaint but granting plaintiff 28 days in which to amend accordingly. Dkt. 3. The order explained the requirements of diversity jurisdiction as it applied to these defendant corporations; specifically, that plaintiff "must allege both the state(s) of each defendant's incorporation *and* where it has its principal place of business." Id at 3-4. Plaintiff was warned that failure to amend the complaint accordingly would result in a recommendation that this action be dismissed. Id at 5. To date, no amended complaint has been filed.

Despite the absence of an operative complaint upon which this action proceeds, defendants Bank of America, N.A. and JP Morgan Chase Bank, N.A. moved to dismiss the original complaint on December 4, 2012. Dkt. 4. The matter was set for hearing on January 9, 2013, allowing plaintiff the opportunity to respond to defendants' motion by December 26, 2012. See Dkt. 4, E.D. Cal. Local Rule 230(c). To date, plaintiff has neither opposed the motion or filed a statement of no opposition. Indeed, plaintiff has not appeared in any capacity to prosecute this action since filing the original complaint on October 16, 2012.

DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders.[1] See,

---

[1] Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition).  This court's Local Rules are in accord, which apply equally to pro se litigants.  See E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."), E.D. Cal. L.R. 183(a) ("All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona," and failure to comply therewith may support, among other things, dismissal of that party's action); see also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"), Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

The court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket; (3) the risk of prejudice
> to the defendants; (4) the public policy favoring disposition of

|   |   |
|---|---|
| 1 | cases on their merits; and (5) the availability of less drastic alternatives. |
| 2 |   |

Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The Ninth Circuit holds that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

      Although involuntary dismissal can be a harsh remedy, a balancing of the five relevant factors weigh in favor of dismissing this action.  The public's interest in securing the "just, speedy and inexpensive determination of every action" supports dismissal of this action.  See Fed. R. Civ. Pro. 1.  This case was initiated nearly three months ago but still lacks an operative complaint by which the action can proceed.  Dkts. 1, 3.  Accordingly, the parties cannot reach the merits of the claim because, without a complaint, it is unclear what the issues are.  Such delay is costly in money, memory, manageability, and confidence in the process.  See In re Phenylpropanolamine, 460 F.3d at 1227.  And the delay is unreasonable in light of the ample amount of time plaintiff was given to amend the complaint and move forward with the action.  Id (deferring to the court's judgment about when delay becomes unreasonable).

      The second factor, which considers the court's need to manage its docket, relates to the first factor and also supports dismissal of this action.  See id, In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994) (second factor usually reviewed in conjunction with the public's interest in expeditious resolution).  The goal in allowing the district courts to retain power over their own dockets is to get cases decided on the merits of issues that are truly meritorious and in dispute.  In re Phenylpropanolamine, 460 F.3d at 1227.  Plaintiff's failure to amend the complaint so as to provide a jurisdictional basis for this court to hear these claims calls into question the "truly meritorious" nature of this case and has prevented this court from identifying and addressing the matters at issue.  See id.  Any further time spent by the court on this case will consume scarce judicial resources and take away from other active cases.  See Ferdik, 963 F.2d at 1261

(recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

The third factor, which considers prejudice to the defendant, also counsels in favor of dismissal here. Prejudice is found if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case. In re Phenylpropanolamine, 460 F.3d at 1227 (quoting Adriana Int'l Corp. V. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990)). The costs and burden of litigation to the defendants are also considered prejudicial. See Pagtalunan, 291 F.3d at 642. The defendants here are burdened by having been named in a lawsuit for which there is no operative complaint putting them on notice of the claims against them and the grounds upon which they rest. See Oliver v. Ralphs Grocery Co., 654 F.3d 903, 908 (9th Cir. 2011) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Two of the defendants have expended resources in moving to dismiss the original complaint, yet the plaintiff has failed to respond to defendants' arguments in any capacity. Dkt. 4. Additionally, the unreasonable delay noted above, is presumed to be prejudicial to defendants. See, e.g., In re Phenylpropanolamine., 460 F.3d at 1227 (quoting In re Eisen, 31 F.3d at 1453).

While the fourth factor favors disposition of cases on their merits, and not by dismissal, plaintiff's failure to file an amended complaint allows the undersigned to fairly recommend dismissal of her claims. The public policy discouraging dismissal without adjudication on the merits lends little support to a party, such as plaintiff, whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction. See, e.g., In re Phenylpropanolamine, 460 F.3d at 1228, Allen v. Exxon Corp. (In re the Exxon Valdez), 102 F.3d 429, 433 (9th Cir. 1996) (plaintiffs' total refusal to provide discovery obstructed resolution of their claims on the merits). Plaintiff here has failed to file an amended complaint or to otherwise participate in the continued prosecution of this action. It is axiomatic that plaintiff bears the burden to properly state a claim for relief which complies with the pleading requirements of Fed. R. Civ. Pro. 8(a). The filing of an operative complaint is

essential to move the case towards resolution and plaintiff's failure to do so precludes the court's (and the defendants') ability to reach the merits. Thus, this factor presents no bar to dismissal of this action.

The fifth factor, which considers the availability of less drastic measures, also supports dismissal. The court has already pursued remedies that are less drastic than recommending dismissal of plaintiff's suit. See Malone v. U.S. Postal Serv., 833 F.2d 128, 131-132 (9th Cir. 1987) (court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions). Plaintiff was warned in the October 29, 2012 order that failure to amend the complaint would result in a recommendation that this action be dismissed. Dkt. 3 at 5. See Estrada v. Speno & Cohen, 244 F.3d 1050, 1057 (9th Cir. 2001) (warning that failure to obey court order will result in dismissal can meet the requirement that court considered alternatives). Plaintiff was given an additional opportunity to avoid dismissal of this action when defendants filed a motion to dismiss (dkt. 4) and the court set the matter for hearing which allowed plaintiff to respond by December 26, 2012. See E.D. Cal. Local Rule 230(c); and see, Malone, 833 F.2d at 131-32 (alternative remedies include giving the noncompliant party another chance to comply and warning the plaintiff of the possibility of dismissal before actually ordering it). Again, however, plaintiff failed to respond. Given that plaintiff is proceeding in forma pauperis and thus would very likely be unable to pay any monetary sanction imposed in lieu of dismissal, the court knows of no other alternative measures that might compel plaintiff to comply with the orders of this court.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the January 9, 2013 hearing on defendants' motion to dismiss (dkt. 4) is VACATED, and;

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's action be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute the action and failure to follow the

6

court's orders.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: January 3, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD 9
Alberto2583 41(b)Dism