1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EMELITO ALBERTO,

11           Plaintiff,                    NO. 2:12-cv-2583-LKK-CKD PS

12       v.

13   BANK OF AMERICA, et al.,              ORDER &

14           Defendants.                   FINDINGS AND RECOMMENDATIONS
                                     /

15

16           Plaintiff proceeds pro se and in forma pauperis in this matter, referred to the

17   undersigned by Local Rule 302(c), pursuant to 28 U.S.C. § 636(b)(1).  Defendants Bank of

18   America, N.A. and JP Morgan Chase Bank, N.A.'s ("Defendants") motion to dismiss is currently

19   set for hearing on January 9, 2013.  No opposition to the motion has been filed.

20           Through this order and these findings and recommendations, the hearing will be

21   vacated with the motion submitted on the record and the undersigned will recommend dismissal

22   of this action pursuant to Fed. R. Civ. Pro. 41(b).

23   BACKGROUND

24            Plaintiff initiated this action to quiet title, seeking declaratory and injunctive

25   relief from foreclosure proceedings against his property, on October 16, 2012.  Dkt. 1.  The

26   complaint names three defendants — Bank of America, N.A., JP Morgan Chase Bank, N.A., and

1

1   Title Trust Deed Service Company — and alleges diversity pursuant to 28 U.S.C. § 1332(c)(1) as

2   the basis for this court's jurisdiction.  Id.  Because plaintiff proceeds in forma pauperis, the court

3   is required to dismiss the complaint at any time upon a determination that the action is frivolous,

4   malicious, or fails to state a claim on which relief may be granted.  See 28 U.S.C. § 1915(e)(2).

5   On October 29, 2012, the undersigned determined that the complaint failed to allege a proper

6   basis for jurisdiction and issued an order dismissing the complaint but granting plaintiff 28 days

7   in which to amend accordingly.  Dkt. 3.  The order explained the requirements of diversity

8   jurisdiction as it applied to these defendant corporations; specifically, that plaintiff "must allege

9   both the state(s) of each defendant's incorporation *and* where it has its principal place of

10  business."  Id at 3-4.  Plaintiff was warned that failure to amend the complaint accordingly would

11  result in a recommendation that this action be dismissed.  Id at 5.  To date, no amended

12  complaint has been filed.

13          Despite the absence of an operative complaint upon which this action proceeds,

14  defendants Bank of America, N.A. and JP Morgan Chase Bank, N.A. moved to dismiss the

15  original complaint on December 4, 2012.  Dkt. 4.  The matter was set for hearing on January 9,

16  2013, allowing plaintiff the opportunity to respond to defendants' motion by December 26, 2012.

17  See Dkt. 4, E.D. Cal. Local Rule 230(c).  To date, plaintiff has neither opposed the motion or

18  filed a statement of no opposition.  Indeed, plaintiff has not appeared in any capacity to prosecute

19  this action since filing the original complaint on October 16, 2012.

20  DISCUSSION

21          Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an

22  action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure,

23  failure to comply with the court's local rules, or failure to comply with the court's orders.[1]  See,

24

---

25      [1]  Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.**  If the plaintiff fails to
    prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action
26  or any claim against it."  Fed. R. Civ. P. 41(b).

2

1   e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua*

2   *sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S.

3   Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action

4   pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute

5   or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d

6   1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court

7   may dismiss an action for failure to comply with any order of the court"); Pagtalunan v. Galaza,

8   291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to

9   prosecute when habeas petitioner failed to file a first amended petition).  This court's Local

10  Rules are in accord, which apply equally to pro se litigants.  See E.D. Cal. L.R. 110 ("Failure of

11  counsel or of a party to comply with these Rules or with any order of the Court may be grounds

12  for imposition by the Court of any and all sanctions authorized by statute or Rule or within the

13  inherent power of the Court."), E.D. Cal. L.R. 183(a) ("All obligations placed on 'counsel' by

14  these Rules apply to individuals appearing in propria persona," and failure to comply therewith

15  may support, among other things, dismissal of that party's action); see also King v. Atiyeh, 814

16  F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that

17  govern other litigants") (overruled on other grounds); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.

18  1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for

19  dismissal"), Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per

20  curiam) (stating that district courts have inherent power to control their dockets and may impose

21  sanctions including dismissal or default).

22          The court must weigh five factors in determining whether to dismiss a case for

23  failure to prosecute, failure to comply with a court order, or failure to comply with a district

24  court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

25          (1) the public's interest in expeditious resolution of litigation;
            (2) the court's need to manage its docket; (3) the risk of prejudice
26          to the defendants; (4) the public policy favoring disposition of

3

1   cases on their merits; and (5) the availability of less drastic
2   alternatives.

3   Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th

4   Cir. 1995).  The Ninth Circuit holds that "[t]hese factors are not a series of conditions precedent

5   before the judge can do anything, but a way for a district judge to think about what to do."  In re

6   Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

7          Although involuntary dismissal can be a harsh remedy, a balancing of the five

8   relevant factors weigh in favor of dismissing this action.  The public's interest in securing the

9   "just, speedy and inexpensive determination of every action" supports dismissal of this action.

10  See Fed. R. Civ. Pro. 1.  This case was initiated nearly three months ago but still lacks an

11  operative complaint by which the action can proceed.  Dkts. 1, 3.  Accordingly, the parties cannot

12  reach the merits of the claim because, without a complaint, it is unclear what the issues are.  Such

13  delay is costly in money, memory, manageability, and confidence in the process.  See In re

14  Phenylpropanolamine, 460 F.3d at 1227.  And the delay is unreasonable in light of the ample

15  amount of time plaintiff was given to amend the complaint and move forward with the action.  Id

16  (deferring to the court's judgment about when delay becomes unreasonable).

17         The second factor, which considers the court's need to manage its docket, relates

18  to the first factor and also supports dismissal of this action.  See id, In re Eisen, 31 F.3d 1447,

19  1452 (9th Cir. 1994) (second factor usually reviewed in conjunction with the public's interest in

20  expeditious resolution).  The goal in allowing the district courts to retain power over their own

21  dockets is to get cases decided on the merits of issues that are truly meritorious and in dispute.  In

22  re Phenylpropanolamine, 460 F.3d at 1227.  Plaintiff's failure to amend the complaint so as to

23  provide a jurisdictional basis for this court to hear these claims calls into question the "truly

24  meritorious" nature of this case and has prevented this court from identifying and addressing the

25  matters at issue.  See id.  Any further time spent by the court on this case will consume scarce

26  judicial resources and take away from other active cases.  See Ferdik, 963 F.2d at 1261

4

1   (recognizing that district courts have inherent power to manage their dockets without being

2   subject to noncompliant litigants).

3          The third factor, which considers prejudice to the defendant, also counsels in

4   favor of dismissal here.  Prejudice is found if the plaintiff's actions impair the defendant's ability

5   to go to trial or threaten to interfere with the rightful decision of the case.  In re

6   Phenylpropanolamine, 460 F.3d at 1227 (quoting Adriana Int'l Corp. V. Thoeren, 913 F.2d 1406,

7   1412 (9th Cir. 1990)).  The costs and burden of litigation to the defendants are also considered

8   prejudicial.  See  Pagtalunan, 291 F.3d at 642.  The defendants here are burdened by having been

9   named in a lawsuit for which there is no operative complaint putting them on notice of the claims

10  against them and the grounds upon which they rest.  See Oliver v. Ralphs Grocery Co., 654 F.3d

11  903, 908 (9th Cir. 2011) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

12  Two of the defendants have expended resources in moving to dismiss the original complaint, yet

13  the plaintiff has failed to respond to defendants' arguments in any capacity.  Dkt. 4.

14  Additionally, the unreasonable delay noted above, is presumed to be prejudicial to defendants.

15  See, e.g., In re Phenylpropanolamine., 460 F.3d at 1227 (quoting In re Eisen, 31 F.3d at 1453).

16          While the fourth factor favors disposition of cases on their merits, and not by

17  dismissal, plaintiff's failure to file an amended complaint allows the undersigned to fairly

18  recommend dismissal of her claims.  The public policy discouraging dismissal without

19  adjudication on the merits lends little support to a party, such as plaintiff, whose responsibility it

20  is to move a case toward disposition on the merits but whose conduct impedes progress in that

21  direction.  See, e.g., In re Phenylpropanolamine, 460 F.3d at 1228, Allen v. Exxon Corp. (In re

22  the Exxon Valdez), 102 F.3d 429, 433 (9th Cir. 1996) (plaintiffs' total refusal to provide

23  discovery obstructed resolution of their claims on the merits).  Plaintiff  here has failed to file an

24  amended complaint or to otherwise  participate in the continued prosecution of this action.  It is

25  axiomatic that plaintiff bears the burden to properly state a claim for relief  which complies with

26  the pleading requirements of Fed. R. Civ. Pro. 8(a).  The filing of an operative complaint is

1   essential to move the case towards resolution and plaintiff's failure to do so precludes the court's

2   (and the defendants') ability to reach the merits.  Thus, this factor presents no bar to dismissal of

3   this action.

4          The fifth factor, which considers the availability of less drastic measures, also

5   supports dismissal.  The court has already pursued remedies that are less drastic than

6   recommending dismissal of plaintiff's suit.  See  Malone v. U.S. Postal Serv., 833 F.2d 128, 131-

7   132 (9th Cir. 1987) (court abuses its discretion if it imposes a sanction of dismissal without first

8   considering the impact of the sanction and the adequacy of less drastic sanctions).  Plaintiff was

9   warned in the October 29, 2012 order that failure to amend the complaint would result in a

10  recommendation that this action be dismissed.  Dkt. 3 at 5.  See Estrada v. Speno & Cohen, 244

11  F.3d 1050, 1057 (9th Cir. 2001) (warning that failure to obey court order will result in dismissal

12  can meet the requirement that court considered alternatives).  Plaintiff was given an additional

13  opportunity to avoid dismissal of this action when defendants filed a motion to dismiss (dkt. 4)

14  and the court set the matter for hearing which allowed plaintiff to respond by December 26,

15  2012.  See E.D. Cal. Local Rule 230(c); and see, Malone, 833 F.2d at 131-32 (alternative

16  remedies include giving the noncompliant party another chance to comply and warning the

17  plaintiff of the possibility of dismissal before actually ordering it). Again, however, plaintiff

18  failed to respond.  Given that plaintiff is proceeding in forma pauperis and thus would very likely

19  be unable to pay any monetary sanction imposed in lieu of dismissal, the court knows of no other

20  alternative measures that might compel plaintiff to comply with the orders of this court.

21  CONCLUSION

22          Accordingly, IT IS HEREBY ORDERED that the January 9, 2013 hearing on

23  defendants' motion to dismiss (dkt. 4) is VACATED, and;

24          IT IS HEREBY RECOMMENDED that:

25          1.      Plaintiff's action be DISMISSED WITHOUT PREJUDICE pursuant to

26  Federal Rule of Civil Procedure 41(b) for failure to prosecute the action and failure to follow the

1   court's orders.

2          2.      The Clerk of Court be directed to close this case.

3          These findings and recommendations are submitted to the United States District

4   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

5   (14) days after being served with these findings and recommendations, any party may file written

6   objections with the court and serve a copy on all parties.  Such a document should be captioned

7   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8   shall be served on all parties and filed with the court within fourteen (14) days after service of the

9   objections.  The parties are advised that failure to file objections within the specified time may

10  waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

11  Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

12   Dated: January 3, 2013

13                                                  _____

14                                                  CAROLYN K. DELANEY
                                                    UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19  CKD 9
    Alberto2583 41(b)Dism

20

21

22

23

24

25

26